IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Darryl Mungin, ) | | Case No. 9:24-cv-04121-DCC-MHC |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | **ORDER** |
| ) | | |
| Sgt. Anthony Fishburn, Sgt. Josa Ragos,) | | |
| Sheriff Al Cannon Detention Center and ) | | |
| Staffs, ) | | |
| ) | | |
| Defendants. ) | | |
| _____ ) | | |

This matter is before the Court upon Plaintiff's allegations that his civil rights have been violated. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report"). On November 11, 2024, Defendants filed a partial motion to dismiss. ECF No. 49. On February 10, 2025, Magistrate Judge issued a Report recommending that the motion be granted.[1] ECF No. 79. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections. ECF No. 81.

---

[1] The Magistrate Judge also denied Plaintiff's motion to amend the operative complaint.

**APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

**ANALYSIS**

As an initial matter, the Magistrate Judge provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. The Magistrate Judge recommends dismissal of Sgt. Anthony Fishburn and Sgt. Josa Ragos ("the Individual Defendants") in their official capacities and of Defendant Sheriff Al Cannon Detention Center and Staffs ("the Detention Center and Staffs") in its entirety. ECF No. 79. Plaintiff objects and asserts that the Individual Defendants should not be dismissed in their official capacities because they acted outside the scope of their duties. ECF No. 81. With respect to the Detention Center and Staffs, Plaintiff states that he "spoke with

Defendants Attorney and Attorney states that Sheriff Al Cannon Detention Center would be substitu[ted] for Charleston County Sheriff's Office." *Id.* at 2. Plaintiff further requests appointment of counsel. *Id.* Because Plaintiff filed objections, the Court's review has been de novo.

The Individual Defendants are entitled to dismissal of the claims against them in their official capacities pursuant to the Eleventh Amendment. As explained in more detail by the Magistrate Judge, the Individual Defendants are officers at the Sheriff Al Cannon Detention Center and, as such, are considered state agents for purposes of Eleventh Amendment immunity. *See, e.g.*, *Barfield v. Cunningham*, No. 8:20-CV-02388-DCN-JDA, 2021 WL 1526508, at *5 n.6 (D.S.C. Mar. 15, 2021) (noting the county sheriff is charged with the administration of the county detention center and reasoning the employees of the detention center are ultimately entitled to Eleventh Amendment immunity), *report adopted,* 2021 WL 1526486 (D.S.C. Apr. 5, 2021). While Plaintiff maintains that the Individual Defendants are not entitled to Eleventh Amendment immunity because they acted outside the scope of their duties and violated their oath, his allegations are not supported by any factual allegations.[2] Accordingly, these objections are overruled.

As noted above, with respect to the Detention Center, Plaintiff suggests that this Defendant should be substituted. To the extent this should be considered objections to

---

[2] The Magistrate Judge also notes that Plaintiff request that the Individual Defendants be removed from working in law enforcement or at a correctional facility is unavailable. ECF No. 79 at 8 n.3. The Court agrees and dismisses this request for injunctive relief.

3

the Report, they are overruled. The Detention Center itself is not a "person" amenable to suit under 42 U.S.C. § 1983. *See, e.g.*, *Brown v. Sheriff, Al Cannon Det. Ctr.*, No. CV 4:23-976-RMG-TER, 2023 WL 3182867, at *2 (D.S.C. Apr. 11, 2023) ("Detention Centers are not defendants amenable to suit in a § 1983 action."), *report adopted*, 2023 WL 3173168 (D.S.C. May 1, 2023). Moreover, with respect to the Detention Center Staff, Plaintiff has not set forth any personal allegations to subject the Staff to suit and, as noted by the Magistrate Judge, "[u]se of the term 'staff' or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a 'person' as required in § 1983 actions." *Pearson v. STBG Parole & Prob. & Pardon Serv.*, No. CA 4:08-03137-RBH, 2009 WL 607370, at *3 (D.S.C. Mar. 6, 2009). Accordingly, any objections to this portion of the Report are overruled.

The Court notes that the Magistrate Judge analyzed whether Plaintiff could amend his complaint to add the Charleston County Sheriff's Office, and determined such amendment would be futile. To the extent Plaintiff intends to object to Magistrate Judge's order denying his motion to amend, the decision of the Magistrate Judge is affirmed. The Magistrate Judge's order is non-dispositive. Federal Rule of Civil Procedure 72(a) permits a party to submit objections/appeals to a magistrate judge's ruling on non-dispositive matters. Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A) (A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law.). The objections/appeal must be filed and served within 14 days after being served a copy of the non-dispositive order. Id. Further, the Court's review is governed by the clearly erroneous or contrary to law

4

standard of review.  *Id*.  Only if the decision is clearly erroneous or contrary to law may the district judge modify or set aside any portion of the decision.  *Id*.  A court's finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.  *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948).  Here, the Magistrate Judge ruling was neither clearly erroneous nor contrary to law; accordingly, her decision is affirmed.

Finally, Plaintiff requests appointment of counsel.  The Court notes that Plaintiff has requested appointment of counsel several times during the course of this action.  Plaintiff alleges that he does not understand the law and the fact that Defendants have an attorney is "clearly unfair and bias[ed]."  ECF No. 81 at 2.  He contends that it is too complicated to represent himself.  *Id.* at 3.

There is no constitutional right to counsel in a civil case.  While a court has discretion to request appointment of counsel for an indigent in a civil action, such appointment "should be allowed only in exceptional cases." 28 U.S.C. 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1975); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).  A finding of exceptional circumstances turns on the type and complexity of the case, and the abilities of the individual bringing it. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984), *abrogated on other grounds by, Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa,* 490 U.S. 296 (1989).  If it is apparent that a pro se litigant "has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Whisenant*, 739 F.2d at 163.  Recently, in a § 1983 action, the Fourth Circuit explained

that a district court must conduct a fact specific inquiry in analyzing whether a case presents exceptional circumstances: (1) whether the plaintiff has a colorable claim, and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff "lacks the capacity to present it." *Jenkins v. Woodard*, No. 22-6197, 2024 WL 3490967, at *4 (4th Cir. July 31, 2024) (published). The Fourth Circuit made clear that a district court's failure to assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities" is legal error. *Id*. Here, Plaintiff, proceeding pro se and in forma pauperis, has capably presented allegations that survived initial review screening and were served. The issues presented are not complex, and there are no facts, other than Plaintiff's statement that he does not understand the law, indicating that Plaintiff lacks the capacity to present his claims. Plaintiff has filed several motions in this Court and is actively pursuing his claims. Indeed, the fact that certain claims and Defendants are being dismissed in this order is not due to Plaintiff's inability to prosecute his claims. Further, there are no exceptional circumstances for appointment of counsel at this time. Therefore, denial of counsel at this procedural stage is appropriate; Plaintiff is not barred from seeking counsel again further along in this action.

## **CONCLUSION**

Based upon the foregoing, the Court agrees with the recommendation of the Magistrate Judge. To the extent necessary, the ruling of the Magistrate Judge on Plaintiff's motion to amend is **AFFIRMED**. Plaintiff's request for appointment of counsel

is **DENIED**.  Defendants' partial motion to dismiss [49] is **GRANTED**.  Plaintiff's claims against the Individual Defendants in their official capacities and that all claims against the Detention Center and Staffs are **DISMISSED**.

    IT IS SO ORDERED.

                                      s/ Donald C. Coggins, Jr.
                                      United States District Judge

March 26, 2025
Spartanburg, South Carolina