IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Darryl Mungin, | ) | Case No. 9:24-cv-04121-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sgt. Anthony Fishburn and Sgt. Josa Ragos, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court for review of the Magistrate Judge's Report and Recommendation ("Report"). ECF No. 132. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report"). On April 3, 2025, Plaintiff filed a motion for summary judgment. ECF No. 113. On May 1, 2025, Defendants filed a motion for summary judgment. ECF No. 125. Both motions have been fully briefed. On October 22, 2025, the Magistrate Judge issued a Report recommending that Defendants' motion be granted and Plaintiff's motion be denied. ECF No. 132. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing

to do so. Plaintiff filed objections to the Report, Defendants filed a reply, and Plaintiff filed an unauthorized sur-reply.[1] ECF Nos. 134, 135, 136.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. Plaintiff, a pretrial detainee at the time of the relevant events, brings claims against Defendants in

---

[1] Plaintiff's failure to request permission to file a sur-reply was also addressed by the Magistrate Judge. ECF No. 132 at 1 n.2. However, out of an abundance of caution for a pro se party, the Court has considered the sur-reply.

their individual capacities for violations of his Fourth and Fourteenth Amendment rights. Because Plaintiff filed objections, the Court's review has been de novo. Upon such review, the Court overrules Plaintiff's objections and adopts the recommendation of the Magistrate Judge. The undersigned first turns to Defendants' motion for summary judgment.

***Disciplinary Charge, BMU Housing Conditions, & Access to Grievance System***

With respect to these claims, the Magistrate Judge determined that Plaintiff has not established any personal involvement by Defendants; accordingly, she recommends that these claims be dismissed. ECF No. 132 at 9. The Court agrees that there is no evidence that these Defendants were responsible for any decision concerning Plaintiff's disciplinary charge and initial placement in the BMU,[2] the conditions within the BMU, or any restriction on filing grievances. Accordingly, summary judgment is appropriate with respect to these claims. *See Williamson v. Stirling*, 912 F.3d 154, 171–72 (4th Cir. 2018) (noting that a plaintiff must affirmatively show that the official acted personally in violating the plaintiff's constitutional rights). The Magistrate Judge then proceeded to a discussion of the merits of these claims; therefore, the court will do likewise.

<u>Disciplinary Charge and Placement in the BMU</u>

As discussed in more detail by the Magistrate Judge, Plaintiff challenges his transfer to the BMU as a procedural due process violation. She determined that Plaintiff was moved to the BMU as an administrative measure to separate him prior to his

---

[2] BMU is short for Behavioral Management Unit.

3

disciplinary hearing and, thus, did not appear to be punitive. ECF No. 132 at 10–13. She found that the evidence before the Court shows that Plaintiff's placement in the BMU was reasonably related to a legitimate, nonpunitive purpose. *Id.* at 13. She further found that Plaintiff was given a hearing on his disciplinary charge and only after he was found guilty were any restrictions imposed. *Id.* Thus, the Magistrate Judge determined there is no genuine issue of material fact as to whether Plaintiff's initial placement in the BMU violated his procedural due process rights. *Id.* at 14. Plaintiff objects and argues that his initial placement in the BMU violated the relevant policies and procedures of the detention center and that he was not found guilty of the disciplinary infraction. ECF Nos. 134 at 1–2; 136 at 1–3.

As noted by the Magistrate Judge, violations of detention center policies do not necessarily rise to the level of a constitutional violation. *See Keeler v. Pea,* 782 F. Supp. 42, 44 (D.S.C.1992) (holding violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983); *see also Riccio v. Cnty. of Fairfax,* 907 F.2d 1459, 1469 (4th Cir.1990) (holding if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). Accordingly, this objection is overruled. Further, with respect to Plaintiff's assertion that he was not found guilty at the disciplinary hearing, the record indicates otherwise. *See* ECF No. 125-4 at 2. Regardless, it appears that Plaintiff's allegations that he was not convicted tie into his assertions that detention center policies were violated, which does not implicate a constitutional violation. Accordingly, this objection is overruled. As to the remainder of this claim, the Court adopts and

incorporates the Magistrate Judge's well-reasoned discussion. *See* ECF No. 132 at 10–14. Accordingly, Defendants' motion for summary judgment is granted with respect to this claim.

### Conditions of Confinement

The Magistrate Judge next turned to Plaintiff's claim that the conditions within the BMU violated his Fourteenth Amendment rights. She determined that Plaintiff did not provide evidence of any deprivation of a basic human need. ECF No. 132 at 14–15. In his objections, Plaintiff generally restates that he was subject to inhuman, inhumane conditions. ECF No. 134 at 1. Upon review, the Court agrees that Plaintiff has failed to present evidence of a deprivation of a basic human need. With respect to any other facet of this claim, the Court adopts and incorporates the Magistrate Judge's thorough discussion. *See* ECF No. 132 at 14–16. Accordingly, Defendants' motion for summary judgment is granted as to this claim.

### Access to Grievance Process

The Magistrate Judge recommends granting the motion for summary judgment as to any claim that Plaintiff was delayed in filing a grievance. ECF No. 132 at 17. The Court does not believe that Plaintiff objects to this recommendation; however, out of an abundance of caution for a pro se party, the undersigned has reviewed this claim de novo. Upon such review, the Court agrees with the recommendation of the Magistrate Judge.

In a footnote, the Magistrate Judge notes that Defendants are not challenging whether Plaintiff properly exhausted his administrative remedies; thus, there is no need for further discussion of this matter. *Id.* at 17 n.19. Plaintiff appears to devote a significant

portion of his objections and sur-reply to this finding. Generally, he contends that his grievances were not responded to by Defendants' supervisors and that he was prevented from filing grievances. ECF Nos. 134 at 1–3; 136 at 1, 4. To the extent Plaintiff alleges any misconduct by unnamed supervisors, they have not been named in this lawsuit; accordingly, Plaintiff may not maintain such a claim. To the extent Plaintiff alleges that he was prevented from filing grievances, any such claim fails because Plaintiff is not entitled to a grievance process. *See Montgomery v. Galarza,* 1:20-cv-3689-MGL-SVH, 2021 WL 3520072, at *14 (D.S.C. Mar. 25, 2021). Finally, to the extent Plaintiff alleges that Defendants were aware of his grievances with respect to his placement in the BMU as a way to circumvent the Magistrate Judge's recommendation that this group of claims should be dismissed because Defendants were not responsible for his placement in the BMU, this argument is unpersuasive. Whether Defendants were aware of Plaintiff's grievance does not change whether they were responsible for his housing assignment. Accordingly, Defendants' motion for summary judgment is granted as to this claim.

**Use of Force**

Plaintiff alleges that his Fourteenth Amendment rights were violated when Defendants used excessive force against him. Upon review of the merits of this claim, the Magistrate Judge recommends that Defendants' motion for summary judgment be granted. ECF No. 132 at 18–22. The Magistrate Judge addressed this claim in two parts; therefore, the undersigned will do likewise.

*Removal of Plaintiff's Restraints*

The Magistrate Judge recommends granting the motion as to this claim based upon the evidence in the record that Plaintiff refused to comply with their orders when entering the cell, which caused Defendants to place him on the bed to remove his restraints, and that Plaintiff resisted when Defendants tried to remove his restraints. Plaintiff asserts that the force that was used was excessive, that he never resisted, that he was slammed into the bunk bed, and that Defendants manufactured evidence. ECF Nos. 134 at 1, 3; 136 at 3.

As noted by the Magistrate Judge, Plaintiff's unsupported allegations are insufficient to defeat a motion for summary judgment. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). Moreover, the evidence in the record supports a finding that the amount of force used was objectively reasonable. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397–98 (2015). There is evidence that Plaintiff posed a threat by refusing to comply with instructions and that any force used was minimal. *See* ECF Nos. 125-6; 125-7. Accordingly, summary judgment is appropriate with respect to this claim.

*Taser*

With respect to the use of the taser, the Magistrate Judge recommends granting summary judgment because the evidence in the record establishes that Plaintiff was tased when he refused to comply with Defendants' directives and began to move towards them. In his objections, Plaintiff states that he was assaulted with two taser devices and that excessive force was used. ECF No. 134 at 1, 3; 136 at 3.

7

As further detailed by the Magistrate Judge, the evidence in the record demonstrates that Plaintiff was resisting moving into his cell and began to come towards Defendants in contradiction of their directives. Defendants averred that they used force based upon Plaintiff's failure to follow their direction and that they used tasers to cause less harm than "going hands on." ECF No. 125-7. Plaintiff's injury was relatively minor; the probe did not penetrate the skin. ECF No. 125-5 at 13. Accordingly, upon consideration of the *Kingsley* factors and the evidence in the record, Defendants were reasonable in their use of force to secure their safety. Thus, summary judgement is granted as to this claim.[3]

***Qualified Immunity***

The Magistrate Judge recommends granting Defendants' motion based upon the argument that they are entitled to qualified immunity. As the Court has found that Plaintiff failed to establish a genuine issue of material fact with respect to any constitutional violations, the Court agrees that Defendants are entitled to qualified immunity for claims for damages made against them in their individual capacities. *See Hope v. Pelzer*, 536 U.S. 730, 736 (2002).

---

[3] The Magistrate Judge notes that Plaintiff may bring a claim that a strip search violated his Fourth Amendment rights. ECF No. 132 at 18 n.20. She notes that he stated it was "humiliating mentally." *Id.* at 4 n.7. The Court notes that Plaintiff complains of "humiliation" in his objections but does not otherwise address a strip search. *See* ECF No. 134 at 1. To the extent this is intended as an objection to the Magistrate Judge's conclusion regarding any claim related to the strip search, the Court agrees with the Magistrate Judge that Plaintiff has not alleged or established any actions by Defendants rising to the level of a Fourth Amendment violation.

*Plaintiff's Motion for Summary Judgment*

Finally, the Magistrate Judge recommends that Plaintiff's motion for summary judgment be denied. Based upon the foregoing, the Court agrees with this recommendation by the Magistrate Judge.

## CONCLUSION

Accordingly, upon de novo review of the record, the Reports, and the applicable law, the Court agrees with the recommendations of the Magistrate Judge. Defendants' motion for summary judgment [125] is **GRANTED**, and Plaintiff's motion for summary judgment [113] is **DENIED**. This action is closed.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

January 9, 2026
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.